**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSEPH ETHERAGE; KIRSTIN ETHERAGE, and the marital community thereof,<br><br>        Plaintiffs - Appellants,<br><br> v.<br><br>JOHNNY L WEST,<br><br>        Defendant,<br><br> and<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant - Appellee. | No. 13-35368<br><br>D.C. No. 3:11-cv-05091-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 9, 2014[**]
Seattle, Washington

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

The facts and procedural posture of this case are known to the parties, and we do not repeat them here. Plaintiffs-appellants Joseph and Kirstin Etherage (collectively, "Etherage") appeal from a district court judgment dismissing their tort suit against the United States on the basis of sovereign immunity. We affirm the decision of the district court.

The Westfall Act provides that, when a federal employee is sued in tort, if the Attorney General or a U.S. Attorney certifies that the employee was acting within the scope of his employment when he took the actions giving rise to the lawsuit, the United States is substituted as the defendant. 28 U.S.C. § 2679(d); *see Osborn v. Haley*, 549 U.S. 225, 230–31, 238 (2007). We review the U.S. Attorney's certification de novo and review any factual findings by the district court for clear error. *Kashin v. Kent*, 457 F.3d 1033, 1036 (9th Cir. 2006). "The party seeking review bears the burden of presenting evidence and disproving the [U.S. Attorney's] decision to grant or deny scope of employment certification by a preponderance of the evidence." *Id.* (internal quotation marks, citation, and alteration omitted).

We agree with the district court that Etherage did not meet his burden to disprove the U.S. Attorney's certification that Johnny West was acting within the

scope of his employment when he made the statements that Etherage alleges were defamatory. Under Washington law, an employee acts outside the scope of his employment if his actions are "different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Robel v. Roundup Corp.*, 59 P.3d 611, 621 (Wash. 2002) (quoting Restatement (Second) of Agency § 228(2) (1958)). None of those conditions is satisfied in this case.

West's actions were not different in kind from those the Army had authorized him to perform. The United States presented ample evidence that West was responsible for supervising the ABHC project and ensuring its success. It was entirely consistent with that supervisory responsibility for West to report concerns about Etherage's performance on the project to appropriate Army personnel.

Nor were West's statements concerning Etherage so "little actuated by a purpose to serve" the Army as to be outside the scope of his employment. *Id.* Etherage alleges that West acted solely out of a personal motive—i.e., a desire to damage Etherage's standing in the Army—but such a personal motive does not place West's actions outside the scope of his employment as long as "the purpose of serving [his] employer's business actuate[d him] to any appreciable extent." *McNew v. Puget Sound Pulp & Timber Co.*, 224 P.2d 627, 629 (Wash. 1950). It is

3

Etherage's burden, in other words, to prove that West had no appreciable motive to serve the Army when he raised his concerns about Etherage's performance on the project. Etherage has not met that burden; his evidence demonstrates, at most, that West could have acted out of both personal *and* professional motives.[1]

Because Etherage has not disproved the U.S. Attorney's scope-of-employment certification by a preponderance of the evidence, the United States was properly substituted as the defendant in this action. Accordingly, Etherage's lawsuit must be dismissed, as the Federal Tort Claims Act expressly preserves the United States' sovereign immunity with respect to actions for the intentional torts Etherage pled in his complaint. *See* 28 U.S.C. § 2680(h).

**AFFIRMED.**

---

[1]Relatedly, we conclude that the district court did not abuse its discretion when it denied Etherage's motion to compel discovery related to West's motive for making the statements at issue.